UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JOHN E. GIBENS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:13 CV 188 |
|  | ) |  |
| INDIANA BUREAU OF MOTOR VEHICLES; INDIANA SECRETARY OF STATE CONNIE LAWSON; and STATE OF INDIANA; | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

John E. Gibens, a *pro se* plaintiff, has filed a form "Complaint" seeking relief under 42 U.S.C. § 1983 (DE # 1) along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 2). As explained below, however, plaintiff's complaint does not state a cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's motion will be denied and his complaint will be dismissed.

I.  BACKGROUND

Plaintiff's complaint is difficult to understand, but it appears to accuse defendants of unlawfully suspending his driver's license for 10 years due to his classification as a "Habitual Traffic Violator." (DE # 1 at 2-3.) Plaintiff also appears to argue that defendants should not have recorded, on his driving record, violations of child support orders and failures to provide proof of insurance. (*Id.* at 2.) Plaintiff also argues that defendants failed to abide by a court order that he claims required the

Indiana Bureau of Motor Vehicles ("IBMV") to issue him a "hardship license." Plaintiff demands $1,000,000 from defendants for these alleged violations.

## II. LEGAL STANDARD

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

District courts may look to exhibits attached to the complaint in deciding whether a complaint states a claim. *Webster v. New Lenox Sch. Dist. No. 122,* 917 F.2d 1004, 1005 (7th Cir. 1990). Further, "'[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'" *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.,* 179 F.3d 523, 529 (7th Cir. 1999) (*quoting In re Wade,* 969 F.2d 241, 249 (7th Cir. 1992)).

### III. DISCUSSION

The court begins with plaintiff's allegations regarding his 10-year suspension, which took effect in 2009. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common,* 406 F.3d 926, 929 (7th Cir. 2005). Indiana's personal injury statute of limitations is two years, IND. CODE § 34-11-2-4, so the statute of limitations on the plaintiff's § 1983 action is also two years. "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Logan v. Wilkins,* 644 F.3d 577, 581-82 (7th Cir. 2011). For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Id.*

A plaintiff's failure to timely file a § 1983 suit within the statute of limitations is an affirmative defense. *Knox v. Cook County Sheriff's Police Dep't,* 866 F.2d 905, 907 (7th

3

Cir. 1988). While a plaintiff typically is not required to address affirmative defenses in his complaint, a plaintiff may "plead [him]self out of court" when the complaint (or in this case, the complaint and its attached documents) allege and thus admit the ingredients of a defense. *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003). In this case, plaintiff alleges that on June 8, 2009, the IBMV suspended his license for 10 years for being a "Habitual Traffic Violator." (DE # 1 at 2.) Even if plaintiff did not know on June 8, 2009, that his license had been suspended, surely he was on notice of the suspension when he was cited for driving with a suspended license a few weeks later on June 22, 2009, and again on April 18, 2011. (*Id.* at 8.) More than two years have passed since any of those dates. Accordingly, to the extent that plaintiff bases his lawsuit on the 10-year suspension, that suit is barred by the applicable two-year statute of limitations.

Plaintiff further alleges that on July 25, 2012, "the IBMV executed a Bill of Attainder titled 31-25-4-32 without Judicial Process." (*Id.* at 2.) The court construes this allegation as a complaint that on July 25, 2012, the IBMV made a record of the fact that plaintiff was delinquent in a child support case in violation of IND. CODE § 31-25-4-32. Plaintiff also alleges that the IBMV has "composed a record" of "multiple sanctions for failure to provide proof of insurance." (*Id.*) However, according to the documentation supplied by plaintiff with his complaint, his license is not presently suspended due to his child support violations or his failures to provide proof of insurance. (DE # 1 at 8.) Rather, it is suspended due to his classification as a habitual traffic violator; this 10-year

suspension was put into place on June 8, 2009, and is not set to expire until June 8, 2019. (*Id.,* denoting 10-year suspension due to habitual traffic violator status as plaintiff's only "active suspension.") Because plaintiff's own evidence demonstrates that the IBMV's alleged wrongs have not caused him any harm, much less any constitutional harm, plaintiff lacks a plausible § 1983 claim. *Whitlock v. Brueggemann,* 682 F.3d 567, 582-83 (7th Cir. 2012) (causation of harm is standard element of § 1983 claim).

Plaintiff also complains that defendants have unlawfully ignored a state court's order requiring the IBMV to provide plaintiff with a "hardship license." (DE # 1 at 2-3.) The Indiana law applicable to hardship licenses provides that a state court "shall, after hearing the evidence . . . make, sign, and file special finding of facts in writing. . . . [T]he court may do either of the following: (1) Refuse to grant the petition. (2) Make a final determination in the nature of a recommendation to the bureau that the petitioner be granted restricted driving privileges." IND. CODE § 9-24-15-6. In other words, any court order regarding the issuance of a hardship license to plaintiff would have been "in the nature of a recommendation," not an order. Further, plaintiff has no constitutional right to: (1) have the IBMV abide by the state court's recommendation or; (2) have the IBMV issue him a hardship license at all. The existence of a constitutional right is the first element of any § 1983 claim. *Sparkman v. McFarlin,* 601 F.2d 261, 264 (7th Cir. 1979). Accordingly, plaintiff's allegations regarding the hardship license fail to state a plausible claim under § 1983.

## IV. CONCLUSION

Because plaintiff has stated no actionable § 1983 claim for relief against defendants, plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE # 2) is **DENIED**, and his complaint (DE # 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Date: June 20, 2013

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT